60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cynthia POWELL, a/k/a Deborah Lucky, Defendant-Appellant.
 No. 94-5432.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 4, 1995.
Decided: July 6, 1995.
 
 Thomas E. Wray, Roanoke, VA, for Appellant. Joseph William Hooge Mott, Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Cynthia Powell was convicted of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (1988). The district court sentenced her to 121 months imprisonment, followed by four years of supervised release. Powell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising the issue of sufficiency of the evidence but stating that, in his view, no meritorious issues exist for appeal. Powell was notified of her right to file a supplemental brief and raise additional issues, but she has not done so. After a complete and independent review of the record, we affirm Powell's conviction and sentence.
 
 
 2
 * A police informant, Theresa Bailey, told police that Powell was dealing crack cocaine from a certain apartment. Police, after obtaining a search warrant, searched the apartment and found a child's toy with 41.5 grams of cocaine concealed inside. Powell was not present, but police soon located her walking down the street. When an officer told Powell to stop, she placed something in her mouth and began to chew. She soon spit out a bag containing .6 grams of crack cocaine.
 
 
 3
 Powell gave a statement to the police, admitting that she had been selling the drugs. At trial, Bailey testified that she had observed Powell selling cocaine from two different apartments, making approximately sixteen sales. Bailey testified that she had seen Powell retrieve drugs from under a chair in the bedroom where police later found the drugs. The material found by police was similar in appearance to that observed by Bailey.* Powell testified on her own behalf and denied that she had sold any drugs.
 
 II
 
 4
 We must uphold a conviction by a jury if it is supported by substantial evidence. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence exists when, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The essential elements of possession with intent to distribute crack cocaine are intentional possession of the controlled substance and intent to distribute. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993). Possession may be actual or constructive, as well as sole or joint. Id. An individual has constructive possession when he exercises, or has the power to exercise, dominion and control over the substance. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992).
 
 
 5
 The evidence introduced at trial, viewed in the light most favorable to the Government, showed that Powell possessed the cocaine and distributed some of it. Therefore, the evidence is sufficient to support her conviction.
 
 
 6
 This Court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 Accordingly, we affirm Powell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Police found different plastic bags, containing white and beige cocaine